UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hoden A.,

    Plaintiff,

v.

Martin J. O'Malley[1],
Commissioner of Social Security
Administration,

    Defendant.

Case No. 23-cv-1324 (TNL)

**ORDER**

---

Carol Louise Lewis, Carol Lewis Attorney at Law, 1015 West Saint Germain Street, Suite 320, Saint Cloud, MN 56301 (for Plaintiff); and

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415; and James D. Sides and Linda H. Green, Special Assistant United States Attorneys, Social Security Administration, Office of Program Litigation, Office 4, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

## I.  INTRODUCTION

Plaintiff, Hoden A., challenges Defendant, the Commissioner of Social Security's denial of her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42. U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Title XVI of the same, 42 U.S.C. § 1381 *et seq*. The parties have consented to a final

---

[1] Martin O'Malley is currently serving as the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

Pursuant to the Federal Rules of Civil Procedure's Supplemental Rules governing actions seeking judicial review of the Commissioner's decision, this action "is presented for decision on the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Rather than filing a brief as provided in amended Rule 5, Plaintiff filed a Motion for Summary Judgment which was the procedure prior to the recent amendment to Rule 5. [Docket No. 8]. Defendant similarly filed a brief requesting the Commissioner's decision be affirmed and seeking summary judgment. [Docket No. 11]. The parties have fully briefed their positions, and this matter is now ready for review.

For the reasons set forth below, the court denies Plaintiff's request for relief, grants Defendant's motion, and affirms the Commissioner's decision.

## II. PROCEDURAL HISTORY

On June 11, 2019, the Plaintiff filed her applications for DIB and SSI, alleging an onset of her disability on February 16, 2018. (Tr. 10, 279).[2] On November 18, 2019, the Plaintiff's application was denied. (Tr. 165–170). On December 9, 2019, the Plaintiff requested reconsideration of the denial. (Tr. 171). On January 27, 2020, the Defendant found that the previous determination denying eligibility was proper. (Tr. 173–79).

On February 20, 2020, the Plaintiff requested a hearing before an administrative law judge ("ALJ"). On October 20, 2020, a hearing was held in front of ALJ David B.

---

[2] The full transcript of the proceedings is available at [Docket No. 7]. Citations to page numbers refer to the numbers in the bottom right corner of that document.

Washington. (Tr. 90–103). Present during this hearing were the Plaintiff and her attorney, an interpreter for the Plaintiff, Dr. Steiner, a medical expert, and a vocational expert ("VE"). *Id*. A supplemental hearing was held on January 6, 2021, in front of ALJ Washington. (Tr. 34–40). During the supplemental hearing, a different VE appeared and testified and answered hypothetical questions from the ALJ and Plaintiff's attorney. *Id*. No determination was made after this hearing, and instead, sometime between June 2, 2021, and November 4, 2021, pursuant to the Hearings, Appeals, and Litigation Law Manual ("HALLEX")[3] I-2-1-55, the case was reassigned to ALJ Jessica Hodgson. (Tr. 11, 48, 273–74, 381).

On February 25, 2022, a telephonic hearing was held by ALJ Hodgson where the Plaintiff testified along with VE Eric Dennison EdD. (Tr. 43–89). The ALJ started the hearing by stating that the Plaintiff's application was reassigned to her after the first two hearings and that she was conducting the hearing *de novo*, explaining that "everything that happened before the other judge is going to be as if it never happened." (Tr. 48).

In the opening statement, the Plaintiff's attorney stated that the Plaintiff had significantly lower than normal grip strength in both of her hands, weakness throughout her left side, brain deterioration, and has fallen while doing household activities which has led to a recommendation of her using a walker full time. (Tr. 59). The Plaintiff also testified that prior to her heart attack, in 2017 she was employed for the entire year at a childcare center. (Tr. 60). She also testified that her condition "has affected my whole life, has

---

[3] Social Security Administration, https://www.ssa.gov/OP_Home/hallex/hallex.html (last visited Sept. 5, 2024).

destroyed my whole life." (Tr. 63). After testimony from the Plaintiff, the VE was sworn in and provided various jobs available nationwide given certain hypothetical situations. (Tr. 72–87). Plaintiff's attorney asked the VE about someone having regular falls in these positions and whether that would be disqualifying for the position, and the VE agreed it would be. (Tr. 87). The hearing ended shortly thereafter with counsel for the Plaintiff reiterating that the Plaintiff is incapable of working a standard eight-hour day, five days a week job. (Tr. 88).

On March 30, 2022, ALJ Hodgson issued an unfavorable decision finding that the Plaintiff has not been suffering from a disability from February 16, 2018, through the date of the decision. (Tr. 7–24). On May 25, 2022, the Plaintiff sought review of the ALJ's decision through the Appeals Council. (Tr. 276–78). On March 16, 2023, the Appeals Council denied the request for review. (Tr. 1–6). On May 12, 2023, the Plaintiff filed this action seeking review of the ALJ's decision. *See* Compl. [Docket No. 1].

### III.   STANDARDS OF REVIEW

**A. Five-Step Analysis and Appeals Council**

The Social Security Administration has established a five-step sequential process to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a); (Tr. 11–12). The Eighth Circuit has described the process as follows:

> The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;

4

> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (*citing Simmons v. Massanari*, 264 F.3d 751, 754–55 (8th Cir. 2001)).

If the claimant is dissatisfied with the decision of the ALJ, claimant may request review by the Appeals Council. 20 C.F.R. §§ 404.967-404.982. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an ALJ. 20 C.F.R. § 404.967. As previously discussed, the Plaintiff here made a request for review from the Appeals Council and the Council denied the request for review. (Tr. 1).

### B. Judicial Review

Following any final decision from the Commissioner of Social Security, the claimant may elect to seek a judicial review of the determination. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. The District Court, under this review, is limited to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). Essentially, the Court's "task is to determine whether the ALJ's decision complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154

(2019) (internal quotation omitted). The court should "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

The court should not reverse the ALJ's decision simply because some evidence supports a conclusion other than the one made by the ALJ. *Id*. However, the court should affirm the ALJ if the decision is supported by substantial evidence on the record as a whole. In addition, the court must affirm the ALJ's decision if "it is possible to draw two inconsistent positions from the evidence" when one of these positions represents the ALJ's findings. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). The court should not "disturb the ALJ's decision" just because the Court might have reached a different conclusion. *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). The decision of the ALJ to deny benefits will not be reversed by the Court "so long as the ALJ's decision falls within the 'available zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)).

## IV.   ANALYSIS

### A. The ALJ's Findings in This Case

In determining the first step of the analysis, if the claimant is engaged in substantial gainful activity ("SGA"), she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). For work to be both "substantial" and "gainful", it must be work that involves "doing significant physical or mental activities" that is done "for pay or profit." 20 C.F.R. § 404.1572. The ALJ determined that the claimant had not engaged in SGA since February 16, 2018. (Tr. 13).

In step two of the analysis, the ALJ has to determine whether the claimant has a medically determinable impairment that is "severe" (or a combination of impairments that, taken together, is "severe") that lasted or could be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment, or combination of impairments, would significantly limit an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). On the other hand, an impairment or combination of impairments is "not severe" if medical or other evidence establishes only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 12). The ALJ determined that the claimant had several severe impairments that would significantly limit the ability to perform basic work. (Tr. 13).

The third step has the ALJ consider the medical severity of the impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment(s) "meets or equals [a] listing in appendix 1 of this subpart and meets the duration requirement", the ALJ will make a determination of disability and proceed to the next step. *Id*. If the ALJ determines that the impairment meets or equals a listing, the claimant is disabled, but if it does not meet or equal a listing, then the analysis proceeds to step four. (Tr. 12). In the Plaintiff's case, the ALJ determined at step three that the claimant did not have an impairment or combination of impairments meeting or equaling the severity of a listed impairment. (Tr. 15). Plaintiff does not contest any of the findings the ALJ made at steps one, two, or three. *See generally* [Docket No. 9].

Since Plaintiff was found not to have a listed impairment, the ALJ had to assess the Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a)(iv);

7

404.1520(e). RFC is more broadly explained at 20 C.F.R. § 404.1545, but briefly, the RFC of a claimant is the most that a claimant can do in a work setting despite the claimant's limitations. *Id*. If the claimant has the RFC to do her past relevant work, then the claimant is not disabled, and the ALJ may end the analysis at step four. If the claimant is unable to do any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step. (Tr. 12). The ALJ determined that the claimant has the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). . .. Claimant is able to perform simple, routine tasks. She is able to perform simple work-related decisions." (Tr. 16). The RFC provided by the ALJ is part of the dispute in this case. The Plaintiff believes the ALJ erred by not using the limitations asserted by Dr. Steiner and the VE's in the first two hearings. [Docket No. 9] at 10–11.

      Finally, the last step of the evaluation process is for the ALJ to determine whether, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a)(v). If the claimant is able to perform other jobs that exist in significant numbers in the national economy, then she is not disabled. 20 C.F.R. § 404.1520(f). Relying on testimony of VE, Eric Dennison, EdD, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could work given her limitations, including racker (DOT #524.687-018), garment sorter (DOT #222.687-014), and bagger (DOT #920.687-018). (Tr. 23). And because there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, the ALJ found Plaintiff not to be disabled. *Id*.

### B. Plaintiff's Arguments

The Plaintiff makes three interrelated arguments on this appeal for why the case should be remanded. The primary crux of the arguments is the reassignment of the case pursuant to HALLEX I-2-1-55. First, the Plaintiff argues that the ALJ cited to this provision and did not follow it because she heard the case *de novo*. The Plaintiff's second argument is that because the ALJ heard the case *de novo* at the Plaintiff's third hearing, the ALJ formulated an RFC which did not incorporate the previous limitations and conclusions from the previous two hearings, so the ALJ again did not follow the HALLEX I-2-1-55. Finally, the third argument is that the ALJ did not incorporate Dr. Steiner's testimony as the medical expert into the hypothetical questions.

### 1. ALJ Hodgson Followed HALLEX I-2-1-55.

This case was reassigned from ALJ Washington to ALJ Hodgson. ALJ Hodgson explained during the hearing that "everything that happened before the other Judge is going to be as if it never happened. . ... I'm going to take a completely fresh look at your evidence and the hearing is completely fresh." (Tr. 48). HALLEX I-2-1-55 F.2. provides for reassignment of a case after a hearing has been held. If after reassignment, an ALJ is unable to issue a fully favorable decision based on the information before them, the ALJ may schedule another hearing but "will consider all pertinent documentary evidence admitted into the record at the prior hearing, the oral testimony at the prior hearing, and the evidence and testimony adduced at the new hearing when making a decision." HALLEX I-2-1-55 F.2.; *see also* [Docket No. 9]. The Plaintiff's argument is that the reassigned ALJ did not follow this procedure because of her statements that she was taking a "fresh look" at the

9

evidence, or "*de novo*." (Tr. 11, 48). Because of that fresh look, the ALJ did not properly take into account the expert testimony during the first two hearings in front of ALJ Washington. The Defendant argues, however, that HALLEX "is not a regulation. It has no legal force, and it does not bind the SSA." *See* [Docket No. 11] *citing Dols v. Saul*, 931 F.3d 741, 749 n.4 (8th Cir. 2019). In Plaintiff's reply brief she asks why only the ALJ is allowed to use HALLEX and "if it has no legal force, then why does it exist?" [Docket No. 12].

HALLEX itself explains who is intended to use it and why it exists. HALLEX I-1-0-1 explains that it "conveys guiding principles, procedural guidance, and information to hearing level and Appeals Council Staff." HALLEX I-1-0-3 A. explains the "audience" each division of HALLEX is intended for. Regarding Division 2 of HALLEX, which is what Plaintiff relies on for her argument, the primary audience is "[A]ll ALJs, attorney advisors[4], paralegal analysts, and hearing office (HO) support staff." HALLEX I-1-0-3 A.

The Plaintiff is not the intended audience for HALLEX. It states that it provides guidance to hearing level and Appeals Council Staff, and does not mention claimants or their attorneys. To answer the Plaintiff's question, that would be the reason only the ALJ is allowed to use HALLEX. Regarding, Plaintiff's second question, this court has affirmed *Dols* previously recognizing that HALLEX "serves as a useful resource." *William E. v Kijakazi*, 2022 WL 960297 at *4 n.4 (D. Minn. Mar. 30, 2022). But it "has no legal force, and it does not bind the [Social Security Administration]." *Id*. (*citing Dols v. Saul*, 931 F.3d

---

[4] Attorney advisors refer to employees who assist the ALJ in their duty, not attorneys for claimants.

10

741, 749 (8th Cir. 2019)). Moreover, notwithstanding her comments during the hearing, ALJ Hodgson appears to have followed the procedures in HALLEX and considered the documentary and oral evidence from the previous hearings while also receiving her own documentary and oral record. (Tr. 16, 22). ALJ Hodgson did an in-depth look at the Plaintiff's medical history, impairments, and records on how those impairments affected her life. (Tr. 13–22).

The Plaintiff appears to believe that ALJ Washington had enough evidence to enter a favorable decision for the Plaintiff, but the case was reassigned to ALJ Hodgson who did not enter a favorable decision. *See* [Docket No. 9] at 6–10. This court does not know why the case was reassigned, and it does not matter. ALJ Washington held two hearings and did not enter a decision. HALLEX provides for prompt hearings and for reassignment if a case is "seriously delinquent." HALLEX I-2-1-55 F.2. The record does not provide an explanation of why ALJ Washington did not enter a decision after two hearings. Plaintiff also appears to believe that the medical testimony from Dr. Steiner during the first hearing was enough to make a finding that Plaintiff was disabled. But based on the fact that ALJ Washington did not enter a decision after a second hearing was held, Plaintiff's argument is unpersuasive. ALJ Washington never made a finding that Dr. Steiner's testimony was valid or the only possible thing to look at in this case. ALJ Hodgson was fully within her rights to look at the case with her own take on the evidence and determine what she thought was the correct finding. *See* 20 C.F.R. § 404.1527(d)(1) (a "statement by a medical source that you are 'disabled' . . . does not mean that we will determine that you are disabled").

The Court should affirm the ALJ's decision if there was no legal error and it is "supported by substantial evidence on the record as a whole." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015). ALJ Hodgson committed no legal error in her handling of HALLEX and the hearing she held. Evidence is substantial when "a reasonable mind would find it adequate to support the Commissioner's conclusion." *Ash v. Colvin*, 812 F.3d 686, 689 (8th Cir. 2016); *See also Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence, in this case, supports the ALJ's decision. (*See* Tr. 16–22, 36–102, 120–129, 137–143, 652).

### 2. Plaintiff's RFC is Supported by Substantial Evidence.

The Plaintiff's second argument on appeal is that the RFC formulated by ALJ Hodgson did not reflect limitations asserted by Dr. Steiner and the VEs from the original two hearings. *See* [Docket No. 9] at 10–11. Plaintiff's second argument is mostly the same as the first argument as it relates to HALLEX. As the Court already mentioned, ALJ Hodgson properly followed HALLEX and she can make her own determination notwithstanding the testimony by medical expert Dr. Steiner, the VEs, or Plaintiff's guess of what ALJ Washington might have found. ALJ Hodgson found the following RFC for Plaintiff:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant can operate hand controls frequently with the nondominant left hand. Claimant can frequently reach overhead and in all other directions with the left upper extremity. She can frequently handle, finger and feel on the left. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds. Claimant can occasionally balance and crawl. The claimant can occasionally work at unprotected heights and around moving

12

>   mechanical parts. Claimant is able to perform simple, routine
>   tasks. She is able to perform simple work-related decisions.

(Tr. 16).

ALJ Hodgson was entitled to make her own findings based on hypotheticals asked to the VE and her review of the record as it existed. ALJ Hodgson diligently reviewed the Plaintiff's records and found certain opinions persuasive and others not persuasive. (Tr. 16–22). There was no "established RFC from Dr. Steiner" as the Plaintiff claims. *See* [Docket No. 9] at 11. ALJ Hodgson in her role could form her own based on what she saw in the records and what she found persuasive, or perhaps more importantly, unpersuasive. (Tr. 16–22). During the third hearing, the Plaintiff's attorney chose to ask only one question of the VE and that related to falls. (Tr. 87). She focuses her appeal on sedentary work. ALJ Hodgson asked about sedentary work with certain limitations on the left side and the VE testified that jobs were available. (Tr. 84–85). The Plaintiff's attorney could have focused more on this hypothetical as opposed to introducing a new restriction.

In reviewing these types of decisions, courts should not reverse the ALJ's decision simply because some evidence supports a conclusion other than the one made by the ALJ. *Boettcher v. Astrue,* 652 F.3d 860, 863 (8th Cir. 2011). The Eighth Circuit has also recognized that in large administrative records such as this case it is always possible to "point to some evidence which detracts from the Commissioner's determination." *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017). Additionally, the court should not "disturb the ALJ's decision" just because the Court might have reached a different conclusion. *Kraus v. Saul,* 988 F.3d 1019, 1024 (8th Cir. 2021); *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). The decision of the ALJ to deny benefits will not be reversed by

13

the Court "so long as the ALJ's decision falls within the 'available zone of choice.'" *Bradley v. Astrue,* 528 F.3d 1113, 1115 (8th Cir. 2008) (*quoting Nicola v. Astrue,* 480 F.3d 885, 886 (8th Cir. 2007)). Here, the ALJ wrote a well-reasoned and formulated decision that is supported by the evidence as a whole. (*See* Tr. 16–22, 36–102). As much as the court is sympathetic to and mindful of Plaintiff's health and circumstances, the Court will not remand the decision because Plaintiff suffered a grievous health problem, has children, and believes that ALJ Hodgson should have deferred to a medical expert that she did not examine or two previous VEs answering different hypotheticals. *See* 20 C.F.R. § 404.1527(d)(1) (a "statement by a medical source that you are 'disabled' . . . does not mean that we will determine that you are disabled."); *see also* 20 C.F.R. § 404.1546(c) ("the [ALJ] . . . is responsible for assessing your residual functional capacity.").

### 3. Hypothetical Question to Vocational Expert is Supported by Substantial Evidence.

Similar to the first two arguments, the Plaintiff's third argument is that ALJ Hodgson did not properly follow the established record. When asked by ALJ Washington what the Plaintiff's "exertional level" was, the medical expert in the first hearing, Dr. Steiner, testified that he believes "the record would point to a sedentary residual." (Tr. 99). But ALJ Hodgson did formulate hypotheticals off a sedentary individual. (Tr. 84–87). The Plaintiff believes that if the ALJ had properly considered the evidence from the first two hearings, "the decision should have contained some arguments for and against the conclusions drawn by the various experts. It does not." [Docket No. 9] at 12. That does not appear to be true as the decision shows an appreciation of the impairments suggested by

14

the Plaintiff and the ALJ's dive into the medical records and whether the impairments are supported by the records or not. (Tr. 16–22). The ALJ points out some inconsistencies in the Plaintiff's medical history including statements she needs a cane or a wall support to walk, but her also being able to walk without one, and claiming that she fell while doing laundry, but claiming she doesn't do laundry. *Id*.

The argument here has already been rebuked by the Court twice already. ALJ Hodgson had no duty to blindly follow the medical expert's testimony. The ALJ writing the decision has the full authority to label a claimant as disabled or not and determine the RFC. 20 C.F.R. § 404.1527(d)(1); 20 C.F.R. § 404.1546(c). Plaintiff states in her brief that ALJ Hodgson was "directed to consider the facts and testimony derived from the first two hearings." [Docket No. 9] at 12. It is clear from her decision that the ALJ spent time reviewing the medical records and determining the credibility of them and weighing them against the testimony of the medical expert, the various VEs, and other medical personnel cited in her decision. The ALJ did exactly what Plaintiff is arguing that the ALJ is supposed to do, other than finding a result contrary to what the Plaintiff believes the ALJ should have. As previously cited, whether this Court would have made a different finding or determination is irrelevant. *Kraus v. Saul,* 988 F.3d 1019, 1024 (8th Cir. 2021). The Court's "task is to determine whether the ALJ's decision complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). Similarly, "[a] hypothetical question posted to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true." *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). ALJ

15

Hodgson's hypothetical question and overall decision is supported by substantial evidence in the record. (*See generally* Tr. 312–29, 425–26, 748–868, 1304–14; *see also* Tr. 16–22).

## V. CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Summary Judgment [Docket No. 8] is **DENIED**.

2. Defendant's request for relief [Docket No. 11] is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2024

s/*Tony N. Leung*

_____

Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hoden A. v. O'Malley*,
Case No. 23-cv-1324 (TNL)